IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HANNA, ) | No. C 11-0862 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER ADDRESSING PENDING |
| ) | MOTIONS; DIRECTING PLAINTIFF |
| v. ) | TO FILE PROOFS OF SERVICE |
| ) | |
| J. CHUDY, G. ELLIS, C. HAMMOND, ) | (Docket Nos. 1, 4, 6) |
| and D. FOSTON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973, concerning the conditions of his confinement at CTF - Soledad. Plaintiff has paid the filing fee. For the reasons stated below, the Court will direct Plaintiff to file proofs of service on Defendants.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Liberally construed, Plaintiff has alleged cognizable claims of deliberate indifference to his serious medical needs, and a violation of the ADA and Rehabilitation Act.

C.   Plaintiff's Pending Motions

Plaintiff commenced this suit by filing a motion for enlargement of time to file his civil rights complaint. It appears he filed the motion in an effort to prevent his complaint from being dismissed as time-barred. In the motion, Plaintiff requested that the Court not dismiss his complaint for being untimely. At this time, the Court does not have enough information to determine whether any statute of limitation would bar Plaintiff's suit. The motion is DENIED without prejudice to renewing the argument in an opposition to Defendants' dispositive motion to dismiss the action as untimely, should they file such a motion.

Plaintiff has also filed a motion for a Court-ordered medical examination by a podiatrist. Federal Rule of Civil Procedure 35 provides, in relevant part:

> The Court where the action is pending may order a party whose mental or physical condition - including blood group - is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Fed. R. Civ. P. 35(a)(1). Plaintiff argues he needs to have a podiatrist examination because it will negate Defendants' assertion that Plaintiff is "self-diagnosing." Although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35 "does not vest the Court with authority to appoint an expert to examine a party wishing an examination of himself." *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009); *see, e.g.*, *Baker v. Hatch*, 2010 WL 3212859, *3 (E.D. Cal. 2010) (finding no authority under Rule 35(a) to grant pro se prisoner plaintiff's request for

medical examination); *Adams v. Epps*, 2008 WL 4861926, *1 (S.D. Miss. 2008) (same); *Cabrera v. Williams*, 2007 WL 2682163, *2 (D. Neb. 2007) (same). Accordingly, Plaintiff's request for a Court-ordered podiatrist examination pursuant to Rule 35 is DENIED. Plaintiff is not precluded, however, from retaining his own expert medical witness to examine him and render a medical opinion.

Finally, Plaintiff requests a Court-order to compel Defendants to permit him to review his Central File via an "Olsen Review." It appears that Plaintiff believes he needs to review his file in order to file the underlying federal civil rights complaint. Because Plaintiff has already filed his complaint, the motion is DENIED as moot.

D.  Service

As plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal or the officers of the Court for service. *Cf.* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Plaintiff is responsible for service of all of the named Defendants. No Defendant has made an appearance in this action. There is no indication in any of the papers filed herein that any Defendant has been served with the summons or complaint in accordance with the Federal Rules of Civil Procedure.

Plaintiff shall bear in mind that Rule 4(m) of the Federal Rules of Civil Procedure require service of the summons and complaint upon Defendants within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Failure to do so may result in dismissal of the action without prejudice as to that Defendant.

Accordingly, **by July 26, 2011**, Plaintiff is directed to provide the Court with proof of service of the summons and complaint on all defendants or show good cause why the unserved Defendants should not be dismissed. *See* Fed. R. Civ. P. 4(l), 4(m). Failure to comply by October 5, 2009 will result in the dismissal of the unserved Defendants.

## CONCLUSION

1.  Plaintiff's motion for enlargement of time is DENIED without prejudice. Plaintiff's motion for issuance of an order of examination is DENIED. Plaintiff's motion for order to move Defendants to release discovery is DENIED.

2. Plaintiff is directed to file proofs of service on Defendants on or before July 26, 2011, or show good cause for the failure. **Failure to comply by July 26, 2011, will result in dismissal of the unserved Defendants.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." Plaintiff must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket nos. 1, 4, and 6.

IT IS SO ORDERED.

DATED:   5/25/11

LUCY H. KOH
United States District Judge