IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HANNA,<br><br>    Plaintiff,<br><br>  v.<br><br>J. CHUDY, G. ELLIS, C. HAMMOND, and D. FOSTON,<br><br>    Defendants. | No. C 11-0862 LHK (PR)<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT; DENYING MOTION FOR SPECIAL APPOINTMENT TO SERVE; GRANTING EXTENSION OF TIME |

Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973. Plaintiff challenges the conditions of his confinement at CTF - Soledad.

Because Plaintiff was not proceeding in forma pauperis, the Court informed him that he could not rely upon the United States Marshal for service upon the named Defendants. Plaintiff was directed to provide the Court with proofs of service of the summons and complaint on all the Defendants, or show good cause why they should not be dismissed. On August 3, 2011, Plaintiff filed a motion for default judgment as to the Defendants. In his motion, he states that he mailed the "Notice and Acknowledgment of Receipt of Summons and Complaint," as well as a copy of the summons, return receipt requested, to the California Attorney General's Office. Plaintiff

argues that because the Defendants have not timely appeared in this action after having been served, he is entitled to a default judgment against them. The California Attorney General's Office does not represent Defendants at this time. Nor is the California Attorney General's Office a party in this action. Accordingly, Plaintiff's application for judgment of default is DENIED.

Plaintiff has also filed a motion for special appointment to require Defendants to pay the United States Marshal to serve Defendants. Plaintiff is reminded that he is responsible for service of all of the named Defendants. Because he is not proceeding in forma pauperis, the Court is not required to order the United States Marshal to serve Defendants on his behalf. *See* Fed. R. Civ. P. 4(c)(3). There is no indication in any of the pleadings Plaintiff has filed thus far that he has served any Defendant, or that he has attempted to properly serve any name Defendant with the summons or complaint in accordance with the Federal Rules of Civil Procedure. Accordingly, Plaintiff's motion is DENIED without prejudice.

However, in light of Plaintiff's apparent misunderstanding on who must be served with the summons and complaint, the Court will sua sponte grant one more extension of time to file proofs of service upon Defendants. Plaintiff is reminded that Rule 4(m) of the Federal Rules of Civil Procedure require service of the summons and complaint upon Defendants within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Failure to do so may result in dismissal of the action without prejudice as to that Defendant. Accordingly, **within thirty days of the filing date of this order**, Plaintiff is directed to provide the Court with proofs of service of the summons and complaint on all Defendants or show good cause why the unserved Defendants should not be dismissed. *See* Fed. R. Civ. P. 4(l), 4(m). **Failure to comply or demonstrate good cause within thirty days from the filing date of this order, will result in dismissal of the unserved Defendants, and of this action.**

IT IS SO ORDERED.

DATED:  9/19/11

LUCY H. KOH
United States District Judge

Order Denying Motion for Default Judgment; Denying Motion for Special Appointment; Granting Extension of Time
P:\PRO-SE\SJ.LHK\CR.11\Hanna862misc.wpd        2