IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HANNA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. CHUDY, G. ELLIS, C. HAMMOND, and D. FOSTON,<br><br>　　　　　Defendants. | No. C 11-0862 LHK (PR)<br><br>ORDER DENYING MOTION FOR DEFAULT; ORDER TO SHOW CAUSE<br><br>(Docket No. 32) |

On February 24, 2011, Plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a motion for enlargement of time to file a civil complaint. On March 28, 2011, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 25, 2011, the Court directed Plaintiff to file proofs of service of the summonses and complaint on all the Defendants by July 26, 2011, or show good cause why they should not be dismissed. The Court has since granted Plaintiff four extensions of time in which to file proper proofs of service, or show good cause why the unserved Defendants should not be dismissed. On January 6, 2012, Plaintiff filed copies of proofs of service upon Defendants. On March 7, 2012, Plaintiff filed a motion for default against Defendants for failing to appear or respond.

After reviewing the proofs of service, it appears that none of the Defendants were properly served pursuant to Federal Rule of Civil Procedure 4(e). Rule 4(e) governs service on

Order Denying Motion for Default; Order to Show Cause
G:\PRO-SE\SJ.LHK\CR.11\Hanna862oscdis.wpd

individual defendants and provides, in pertinent part: "an individual . . . may be served in a judicial district of the United States by . . . doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2). "Defendants must be served in accordance with [Rule 4], or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citation omitted). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (internal citations omitted).

Rule 4(e) also provides for service in accordance with state law, *see* Fed. R. Civ. P. 4(e)(1); *see also* Cal. Code Civ. Pro. § 415.10 (physical delivery to the defendant personally); Cal. Code Civ. Pro. §§ 415.20, 415.95 (delivery at usual abode or place of business); Cal. Civ. Pro. § 415.30 (mail with acknowledgment of receipt).

The Court recognizes that Plaintiff is proceeding *pro se* in this action. Plaintiff's status as pro se litigant, however, does not excuse him from compliance with the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Plaintiff has the burden of establishing that he accomplished service of process in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(l)(1). If a defendant has not been served within 120 days after the complaint is filed, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff was supposed to serve Defendants J. Chudy, G. Ellis, C. Hammond, and D. Foston, who, at the time Plaintiff filed his complaint, were prison officials at Central Training Facility in Soledad. The proofs of service indicate that Plaintiff hired LRDI Legal Services to serve Defendants. Plaintiff also filed affidavits of proof of service by mail, indicating that LRDI

1  Legal Services served Michael Dingwell, General Counsel.  (Docket No. 31 at 1-4.)  However,
2  the process server filed an affidavit declaring under penalty of perjury that he served the
3  summonses and complaint by mailing them to Benjamin Rice, General Counsel Office of Legal
4  Affairs, in Sacramento.  (Docket No. 32, Affidavit.)  The process server further declared that he
5  "performed these mailing pursuant to 8 C.F.R. § 292.5."  (*Id.*)  Notwithstanding this
6  contradiction regarding the person to whom the summonses and complaint were sent, the proofs
7  of service then declare under penalty of perjury that the summonses were served upon "Michael
8  Dingwell Assistant General Counsel, who is designated by law to accept service of process of
9  behalf of California Department of Corrections and Rehabilitation."  (*Id.* at 5-8.)

10       There are several problems with these proofs of service.  First, there is no indication that
11  Benjamin Rice or Michael Dingwell is authorized to accept service for any of the named
12  Defendants.  Mailing the summonses pursuant to 8 C.F.R. § 292.5 suggests that service was
13  made upon an attorney or representative of record.  Here, however, there is no attorney of record
14  because none of the Defendants have made an appearance.  Second, the proofs of service
15  indicate that service was also made pursuant to California Code of Civil Procedure § 416.50.
16  However, section 416.50 discusses how to serve a summons on a public entity.  Here, all of the
17  named defendants are individuals – not a public entity.  *See Jackson*, 682 F.2d at 1347 (noting
18  "[s]erving an entity . . . will not automatically confer personal jurisdiction over individual
19  defendants in any capacity").  Third, Plaintiff attempted to effect service of process under state
20  law, as authorized by Federal Rule of Civil Procedure 4(e)(1), by mailing copies of the
21  summonses and complaint to Defendants.  It does not appear that Plaintiff attempted to effect
22  service under federal law pursuant to Rule 4(e)(2) because he did not personally deliver copies
23  of the summonses and complaint to Defendants, leave copies of the summonses and complaint at
24  defendants' dwellings, or provide copies of the summonses and complaint to Defendants'
25  authorized agents.  *See* Fed. R. Civ. P. 4(e)(2).  Moreover, Plaintiff has not demonstrated that he
26  used "reasonable diligence" to "personally" serve defendants before resorting to "substituted
27  service," as required by California Civil Procedure Code section 415.20(b).  Based on the proofs
28  of service that Plaintiff has submitted, he has not properly served any Defendant under the

1  California rules, despite the Court's admonitions that the failure to properly and timely serve
2  defendants could result in dismissal.
3      Because none of the Defendants were personally served with the summonses and
4  complaint pursuant to Federal Rule of Civil Procedure 4(e)(2) or otherwise properly served in
5  accordance with California law pursuant to Rule 4(e)(1), Plaintiff's request for a default against
6  each of these Defendants must be denied.  Because the Defendants have not been served within
7  the time ordered by the Court, *see* Fed. R. Civ. P. 4(m), Plaintiff is ordered to show cause **within**
8  **20 days** of the filing date of this order why Defendants should not be dismissed without
9  prejudice.  Failure to demonstrate good cause within 20 days of the filing date of this order will
10 result in the dismissal of this action without prejudice.
11     IT IS SO ORDERED.
12 DATED:  4/9/12

LUCY H. KOH
United States District Judge

Order Denying Motion for Default; Order to Show Cause
G:\PRO-SE\SJ.LHK\CR.11\Hanna862oscdis.wpd          4