1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**

AUG 1 2 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HANNA,<br><br>             Plaintiff,<br><br>  v.<br><br>J. CHUDY, G. ELLIS, C. HAMMOND, and<br>D. FOSTON,<br><br>             Defendants. | No. C 11-0862 LHK (PR)<br><br>ORDER OF SERVICE; DIRECTING<br>DEFENDANTS TO FILE<br>DISPOSITIVE MOTION OR<br>NOTICE REGARDING SUCH<br>MOTION |

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"),

filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

On March 28, 2011, Plaintiff paid the full filing fee of $350.00. The Court consequently

ordered him to serve all of the named Defendants, or face dismissal of his claims against those

Defendants. Plaintiff has made several requests, asking that the Court direct either the United

States Marshal or other Court personnel to assist him in effectuating service of process.

Under 28 U.S.C. § 1915, the Court may authorize a party to proceed in forma pauperis

("IFP") in an action or proceeding if the party submits an affidavit showing the person is unable

to pay such fees. 28 U.S.C. § 1915(a)(1). If such authorization is granted, the Marshal is

directed to serve all process in the case. 28 U.S.C. § 1915(c),(d). If such authorization is denied,

the plaintiff is not automatically entitled to have the Marshal serve Defendants. Fed. R. Civ. P.

Order of Service; Directing Defendants to File Dispositive Motion to Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Hanna862srv.wpd

1   4(c)(2).  However, even if a plaintiff is not proceeding IFP, the Court has discretion, at the

2   plaintiff's request, to order that service be made by the Marshal, or by a person specially

3   appointed by the Court.  Fed. R. Civ. P. 4(c)(3).

4        This action has been pending since February 24, 2011.  Plaintiff, an incarcerated state

5   prisoner, appears to have exercised diligence in attempting to serve Defendants, but has been

6   unable to effect service himself.  For those reasons, the Court will exercise its discretion under

7   Federal Rule of Civil Procedure 4(c)(3) and direct the Clerk of the Court to attempt to serve

8   Defendants, as set forth in the Conclusion of this Order.

9        In light of the above, Plaintiff's motion to proceed IFP is denied as moot.

10                    **DISCUSSION**

11   A.     Standard of Review

12        A federal court must conduct a preliminary screening in any case in which a prisoner

13   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

14   28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

15   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

16   seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

17   § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

18   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

19   B.     Legal Claim

20        Plaintiff alleges that Chief Medical Officer J. Chudy denied him several chronos,

21   physical therapy, and pain medication, all of which were previously approved and recommended

22   for Plaintiff after he had received back fusion surgery in June 2010.  Plaintiff also claims that

23   Defendants G. Ellis, C. Hammond, and D. Foston all denied his administrative appeals, and thus,

24   failed to respond to Plaintiff's request for help.[1]  Liberally construed, Plaintiff's complaint states

25

26       [1] Insofar as Plaintiff is trying to assert a due process claim based on the mere denial of an
inmate appeal, the claim must be dismissed.  A California prisoner has no federal constitutional
27   right to a properly functioning appeal system; therefore an incorrect decision on an
administrative appeal or failure to process the appeal in a particular way does not violate his
28   right to due process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Smith v.*

1  a cognizable claim of deliberate indifference to his serious medical needs.

2          Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and

3  § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"),

4  prohibit discrimination on the basis of a disability in the programs, services or activities of a

5  public entity. The term "public entity" encompasses state correctional facilities. *See*

6  *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). The "ADA's broad

7  language brings within its scope anything a public entity does," which "includes programs or

8  services provided at jails, prisons, and any other custodial or correctional institution." *Lee v.*

9  *City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) (internal quotation marks omitted).

10          The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an

11  individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the

12  benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

13  excluded from participation in or denied the benefits of the public entity's services, programs or

14  activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

15  denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v.*

16  *Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially

17  parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v.*

18  *County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

19          To the extent Plaintiff is attempting to sue Defendants under Title II of the ADA or § 504

20  of the RA, he cannot do so against individual officers, because the proper defendant in such

21  actions is the public entity responsible for the alleged discrimination. Nor can Plaintiff bring a

22  § 1983 action against defendants in their individual capacities based on such allegedly

23  discriminatory conduct. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A]

24  plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual

25  capacity to vindicate rights created by Title II of the ADA or § 504 of the Rehabilitation Act.").

26  The proper defendant would be the California Department of Corrections and Rehabilitation, or

27

28

---

*Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).

1 | the prison as the public entity which allegedly denied Plaintiff equal benefits of its services.

2 | Further, monetary damages are not available under Title II of the ADA absent a showing of

3 | discriminatory intent. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).  To

4 | show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity.

5 | *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference

6 | requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a

7 | failure to act upon that likelihood. *Id.* at 1139.

8 |      The complaint does not state a claim upon which relief may be granted for an ADA or

9 | RA violation.  In addition to not having a proper defendant, plaintiff has not – even with liberal

10 | construction of his complaint – pled any of the other elements.  He has not pled that (1) he is an

11 | individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of

12 | the prison's services, programs, or activities; (3) he was either excluded from participation in or

13 | denied the benefits of the prison's services, programs or activities, or was otherwise

14 | discriminated against by the prison; and (4) such exclusion, denial of benefits, or discrimination

15 | was because of his disability. *See Thompson v. Davis*, 295 F.3d at 895.  Leave to amend will be

16 | granted so that plaintiff may attempt to allege an ADA and RA claim against an appropriate

17 | defendant if he wishes to pursue it.

18 | **CONCLUSION**

19 |      For the foregoing reasons, the Court orders as follows:

20 |      1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

21 | Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

22 | and all attachments thereto (docket no. 11), and a copy of this Order to **CMO J. Chudy, CEO**

23 | **G. Ellis, Appeals Examiner C. Hammond,** and **Chief Appeals Branch Officer D. Foston** at

24 | **Correctional Training Facility** in Soledad, CA.

25 |      The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this

26 | Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of

27 | this Order to Plaintiff.

28 |      2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

1    requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
2    Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on
3    behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear
4    the cost of such service unless good cause is shown for their failure to sign and return the waiver
5    form.  If service is waived, this action will proceed as if Defendants had been served on the date
6    that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
7    to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
8    was sent. (This allows a longer time to respond than would be required if formal service of
9    summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
10   waiver form that more completely describes the duties of the parties with regard to waiver of
11   service of the summons.  If service is waived after the date provided in the Notice but before
12   Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
13   on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
14   filed, whichever is later.

15        3.       No later than **ninety (90) days** from the date of this order, Defendants shall file a
16   motion for summary judgment or other dispositive motion with respect to the cognizable claims
17   in the complaint.

18        a.       If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
19   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
20   Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
21   F.3d 1108, 1119-20 (9th Cir. 2003).

22        b.       Any motion for summary judgment shall be supported by adequate factual
23   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
24   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
25   **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**
26   **that this case cannot be resolved by summary judgment, they shall so inform the Court**
27   **prior to the date the summary judgment motion is due.**

28        4.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/12/12

*Lucy H. Koh*

LUCY H. KOH
United States District Judge